No. 24,017.

M. F. SHORT, *Appellant,* v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF FRANKLIN, *Appellee.*

SYLLABUS BY THE COURT.

PROBATE JUDGE—*Salary—Additional Amount for Clerk Hire—Amount Discretionary with Board of County Commissioners.* Under that part of section 1 of chapter 203 of the Laws of 1919 which reads "that when the probate judge of any county shall find that clerical assistance is necessary or that the allowance for clerk hire herein made is insufficient to properly expedite the business of the office the board of county commissioners shall allow such additional sum for clerk hire as may be necessary to properly expedite the business of the office," the board of county commissioners determines the amount that is necessary.

Appeal from Franklin district court; HUGH MEANS, judge. Opinion filed December 9, 1922. Affirmed.

*Wilbur S. Jenks,* of Ottawa, for the appellant.

*Richard J. Hopkins,* attorney-general, and *R. R. Redmond,* of Ottawa, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff, under chapter 203 of the Laws of 1919, sought to recover $700 for clerical assistance in the office of probate judge, which had been held by the plaintiff. Judgment was rendered in favor of the board of county commissioners, and the plaintiff appeals.

The case was tried by the court, and special findings of fact and conclusions of law were made, as follows:

"1. That the plaintiff M. F. Short was the duly elected, qualified and acting probate judge of Franklin county, Kansas, which had a population of more

than 20,000 and not more than 25,000 inhabitants during the period covered from May 16th, 1919, to December 11th, 1920.

"2. That during said period the county commissioners of said county allowed as clerk hire in the office of the said probate judge, the sum of $10.00 per month; that said probate judge filed with the county clerk of said county each month during said period a claim against said county in favor of the clerk then employed by him in his said office for the sum of $10.00; that from time to time said probate judge held conversations with different members of said board, and with said board sitting as county commissioners, in which he claimed that his clerk should receive further and greater compensation per month; that said board refused to allow any greater compensation for clerk hire in the office of the probate judge than $10 per month.

"3. That in ———, 1920, said plaintiff presented to said board of county commissioners a duly verified claim for $700.00, the amount claimed to have been incurred by him for clerk hire in the said office during the said period, which claim was not allowed.

"4. Clerks were employed by the plaintiff in his said office for some four months of the period mentioned to whom he paid more than $40.00 per month in addition to the $10.00 per month paid them by the county and he paid said clerks more than $160.00 in addition to the amounts paid them by said county.

"4½. The plaintiff employed his daughter as a clerk in his office for the balance of the time covered by said period; but the evidence does not disclose what he paid her in addition to the $10.00 per month she received from said county if anything.

"5. That compensation for a clerk in the office of the said probate judge to expedite the business of said court is fairly and reasonably worth the sum of $50.00 per month during said period."

### "CONCLUSIONS OF LAW.

"1. That the allowance of clerk hire to probate judges under chapter 203 of the Laws of 1919 is discretionary with the board of county commissioners.

"2. That the plaintiff is not entitled as a matter of right to allowance for clerk hire in his office of probate judge."

The question is: Who determines the amount that shall be paid for additional clerical assistance? To answer this question, it is necessary to examine the statute under which the claim is made. That statute, section 1 of chapter 203 of the Laws of 1919, so far as it is pertinent to the question under consideration, reads:

"The probate judge of each county shall receive for his services the following salary, to be paid by the county: In counties having a population of . . . more than 20,000 and not more than 25,000, $1,600 per annum. . . .

"The probate judges may be allowed for clerk hire in their respective counties: In counties having a population of . . . more than 20,000 and not more than 25,000, $600 per annum . . . *Provided,* That when the probate judge in any county shall find that clerical assistance is necessary or that the allowance for clerk hire herein made is insufficient to properly expedite the business of the office the board of county commissioners shall allow such ad-

ditional sum for clerk hire as may be necessary to properly expedite the business of the office."

The plaintiff says, the probate judge determines the amount that is necessary. That is out of harmony with the statutes giving to the board of county commissioners control over the county finances. If it were intended that the probate judge should determine the matter presentation of the claim to the board is a useless formality. They would have nothing to do but direct that the claim be paid. Sometimes; that is all that is necessary; but then the law fixes the liability, or the board has by some means made the county liable. The law does not put the discretionary control of county funds under the control of various officers; that control is placed in the board of county commissioners. The statute under consideration does not specifically place the determination of this matter in the probate judge. Until that is done, the court must construe this statute in harmony with the general policy of the law in this state and say that the board of county commissioners must determine the amount that is necessary for additional clerk hire.

The judgment is affirmed.